United States District Court
Southern District of Texas
**ENTERED**
April 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § VS. § § 0.382 ACRES OF LAND, more or less, in § STARR COUNTY, TEXAS; JESUS § ALVAREZ, JR.; ELEGIO L. ALVAREZ; § JESSICA L. ALVAREZ (ESCOBAR); § MARIA E. ALVAREZ (GARZA); MARIA § A. ALVAREZ (HINOJOSA); ALEIDA § ALVAREZ; and AMEIDA SALINAS, Starr § County Tax Assessor-Collector, § § Defendants. § | CIVIL ACTION NO. 7:20-cv-00329 |

## **OPINION AND ORDER**

The Court now considers "Defendant Jesus Alvarez, Jr.'s Rule 71.1(i)(1)(C) Motion to Dismiss Plaintiff's Complaint in Condemnation and Declaration of Taking,"[1] Plaintiff United States' response and "Cross-Motion to Strike Improper Defenses,"[2] and Defendant's reply and response to the motion to strike.[3] The Court holds Defendant's motion in abeyance for the reasons that follow.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is an eminent domain case commenced by Plaintiff United States of America under the Declaration of Taking Act[4] concerning a parcel of land designated as Tract RGV-RGC-5069, which is 0.382 acres of land in Starr County, Texas, more particularly described by metes and

---

[1] Dkt. No. 22.
[2] Dkt. No. 28.
[3] Dkt. No. 33.
[4] *See* 40 U.S.C. §§ 3111–18.

bounds and depicted on a map in the United States' Schedules C and D (the Subject Property).[5] Plaintiff United States initiated this case on October 16, 2020.[6] The United States seeks to take a fee simple absolute interest in the Subject Property, subject to certain exceptions.[7] The United States intends to use the Subject Property "to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas."[8] The United States estimated that just compensation for the taking is $9,690,[9] then deposited that amount into the registry of the Court on October 23, 2020.[10]

After the United States finally served Defendant Jesus Alvarez, Jr. months later,[11] Defendant Jesus Alvarez, Jr. filed his answer and the instant motion to dismiss.[12] Under Federal Rule of Civil Procedure 71.1(e)(2), Defendant Alvarez asserted in his answer that Plaintiff lacks "constitutional authority to exercise eminent domain in this case" and lacks authorization conferred by Congress.[13] The United States timely[14] filed its response to Defendant Alvarez's motion to dismiss and simultaneously moved to strike Defendant Alvarez's allegedly improper defenses.[15] After being granted an extension,[16] Defendant Alvarez's timely replied.[17] The motions are ripe for consideration and the Court turns to their analysis.

## II. Discussion

---

[5] *See* Dkt. No. 1-1 at 5–13.
[6] Dkt. Nos. 1–3.
[7] Dkt. No. 1-1 at 15.
[8] *Id.* at 4.
[9] *Id.* at 18.
[10] Dkt. No. 6.
[11] Dkt. No. 24.
[12] Dkt. Nos. 21–22.
[13] Dkt. No. 21 at 5, ¶¶ 19–20.
[14] *See* LR7.4.A.
[15] Dkt. No. 28.
[16] Dkt. No. 30.
[17] Dkt. No. 33.

The discussion of the present motions need not be lengthy. Defendant's motion to dismiss is substantively identical to, and uses the same arguments as authorities as, one defendant's motion to dismiss in another eminent domain case.[18] The United States' response brief is also titled the same, and makes substantively identical arguments, as the United States did in the comparable case.[19] Even Defendant's reply brief is substantially identical but for citations and minor factual details such as names of parties.[20] The comparable briefs were filed within days of each other. Counsel for Defendant Jesus Alvarez, Jr. is the same in this case as in the comparable case, and the United States is represented by the same United States Attorney's Office in both cases.

Therefore, the Court's opinion here is no different than the one it issued in substantially identical circumstances.[21] Plaintiff again asserts that no Defendant can move to dismiss an eminent domain action like this one.[22] The Court disagrees. Defendant Alvarez opposed the taking as constitutionally and statutorily unauthorized in his answer,[23] and elaborated in his motion,[24] and is entitled to do so. As the Court previously held, a landowner Defendant may move to dismiss the United States' eminent domain action, but determination of the merits of the motion to dismiss is held in abeyance until "the United States seeks to acquire possession or any party moves to fix just compensation."[25]

---

[18] *Compare* Dkt. No. 22, *with United States v. 4.587 Acres of Land, more or less, in Starr Cnty.*, No. 7:20-cv-00425 (S.D. Tex. Jan. 10, 2021) (Alvarez, J.), Dkt. No. 10.
[19] *Compare* Dkt. No. 28, *with United States v. 4.587 Acres of Land, more or less, in Starr Cnty.*, No. 7:20-cv-00425 (S.D. Tex. Feb. 2, 2021) (Alvarez, J.), Dkt. No. 50.
[20] *Compare* Dkt. No. 33, *with United States v. 4.587 Acres of Land, more or less, in Starr Cnty.*, No. 7:20-cv-00425 (S.D. Tex. Feb. 9, 2021) (Alvarez, J.), Dkt. No. 61.
[21] *See United States v. 4.587 Acres of Land, more or less, in Starr Cnty.*, No. 7:20-cv-00425, 2021 WL 733770, 2021 U.S. Dist. LEXIS 35004 (S.D. Tex. Feb. 25, 2021), Dkt. No. 70.
[22] Dkt. No. 28 at 8–9, ¶¶ 17–18.
[23] Dkt. No. 21 at 5–6, ¶¶ 18–21.
[24] Dkt. No. 22 at 5–6.
[25] *4.587 Acres of Land*, 2021 WL 733770, at *5, 2021 U.S. Dist. LEXIS 35004, at *9; *see* 40 U.S.C. § 3114(d)(1).

For the foregoing reasons, the Court holds Defendant's motion to dismiss in abeyance until Defendant Alvarez's challenge under Rule 71.1(i)(1)(C) fully ripens.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of April 2021.

                                              Micaela Alvarez
                                     United States District Judge