IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § *Plaintiff,* § § v. § § 0.382 ACRES OF LAND, MORE OR LESS, § SITUATE IN STARR COUNTY, STATE § OF TEXAS; AND JESUS ALVAREZ § ET AL., § § *Defendants.* § | CASE NO. 7:20-CV-329 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Between August 30 and September 2, 2021, AUSA Thou conferred with all Defendants, except Aleida Alvarez, via phone and e-mail. AUSA Thou was unable to confer with Defendant Aleida Alvarez.[1]

2. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   The United States and Defendant Jesus Alvarez Jr. have already made their initial disclosures.

   Other Defendants reserve their rights to send initial disclosures to Plaintiff and any other party who appears in this action within 14 days of the Parties' rule 26(f) conference pursuant to Rule 26(a)(1)(C).

3. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   Plaintiff asserts there is none.

   Defendant Jesus Alvarez, Jr. asserts there are two pending cases in which the same legal

---

[1] The United States has been unable to locate Aleida Alvarez and had served her with notice of condemnation via publication in accordance with Fed. R. Civ. P. 71.1(d)(3)(B). (Dkt. Nos. 27 & 32). To date, Aleida Alvarez has not contacted the United States. As such, the United States was unable to confer with her.

issues addressed in Defendant Jesus Alvarez Jr.'s motion to dismiss and Plaintiff United States' motion to strike have been briefed:

7:20-cv-425, *United States v. 4.587 Acres of Land, More or Less, Situate in Starr County, State of Texas, and Florentino Luera, et al.*

7:20-cv-350, *United States v. 0.720 Acres of Land, More or Less, Situate in Starr County, State of Texas, and Joel Alvarez, et al*. Defendant Jesus Alvarez Jr. is also a defendant in this action.

4. **Briefly describe what this case is about.**

   This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property, and for determination and award of just compensation to the owners and parties in interest.

5. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

6. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   Defendant Jesus Alvarez Jr. disagrees with the jurisdictional allegations because the exclusive authority that the United States relies upon for the taking at issue does not authorize the taking of property for the public purposes identified by the United States. Specifically, Section 230 of its Consolidated Appropriations Act for Fiscal Year 2019, Public Law 116-6, div. A, tit. II, Section 230, 133 Stat. 13 ("2019 CAA"), restricts spending of 2019 CAA to "pedestrian fencing" and "levee pedestrian fencing." Plaintiff exceeds this restriction as explained in pending briefing. *See* ECF Dkt. Nos. 22 and 33.

7. **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

   None.

8. **List anticipated interventions.**

   None.

9. **Describe any class-action issues.**

   None.

10. Describe the discovery plan proposed by the parties, including:

   A. What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?

   None.

   B. When and to whom the plaintiff anticipates it may send interrogatories?

   Subject to continuance of the plan for use of the property as stated in Schedule B of the Declaration of Taking, the United States anticipates sending interrogatories to the defendants in this action within 30 days of the Court's entry of the scheduling order.

   C. When and to whom the defendant anticipates it may send interrogatories?

   Defendant Jesus Alvarez Jr. anticipates sending interrogatories to Plaintiff and to any other Defendant who appears in this action. Defendant Jesus Alvarez Jr. anticipates sending interrogatories to any Defendants who appear in this action at a later date within 7 days of the party's appearance.

   Other defendants reserve the right to send interrogatories to any fact witness disclosed by the United States or any other party that is determined by the Court to have had an interest in the subject property at the time of the taking.

   D. Of whom and by when the plaintiff anticipates taking oral depositions?

   Subject to continuance of the plan for use of the property as stated in Schedule B, the United States anticipates taking oral depositions of defendants and their witnesses prior to the end of the discovery period.

   E. Of whom and by when the defendant anticipates taking oral depositions?

   Defendant Jesus Alvarez Jr. anticipates taking depositions of expert and fact witnesses regarding the value of the property, Plaintiff's purposes for this taking, Plaintiff's proposed use of the real property that is the subject of this takings action, any other co-Defendant or other fact witness with knowledge relevant to title of the subject property, as well as others with personal knowledge of information relevant to this takings case. Defendant anticipates being able to take depositions by the end of the discovery period.

   Other defendants reserve the right to depose any fact witness disclosed by the United States or any other party that is determined by the Court to have had an interest in the subject property at the time of the taking.

   F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and

   provide their reports?

>   Defendants have the burden of proof regarding the issue of just compensation in this action.
>
>   Defendant Alvarez Jr. anticipates being able to designate experts on the value of the subject property and provide reports required by Rule 26(a)(2)(B) within 120 days of the Court's ruling on title.
>
>   Subject to continuance of the plan for use of the property as stated in Schedule B, the United States will designate experts and provide expert reports within 120 days of the Court's entry of the scheduling order. The United States requests that the Court set an additional deadline for rebuttal experts.
>
> G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**
>
>   Defendants have the burden of proof regarding the issue of just compensation in this action. Defendant Alvarez Jr. anticipates deposing any expert designated by Plaintiff by the end of the discovery period as designated by the Court.
>
> H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**
>
>   Subject to continuance of the plan for use of the property as stated in Schedule B, the United States anticipates taking the deposition of any expert designated by Defendants by the end of the discovery period as designated by the Court.
>
> I. **All other matters raised in Rule 26(f)?**
>
>   None.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The Parties agree on this discovery/case management plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    The United States and Defendant Jesus Alvarez, Jr. anticipate that discovery can reasonably be completed within 180 days of the initial pre-trial conference.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The United States, Jesus Alvarez, Jr., through his counsel Peter McGraw, Elegio Alvarez, Jessica L. Alvarez, Aleida Alvarez, Maria E. Alvarez, and Maria A. Alvarez Hinojosa (hereinafter "Parties") have reached a settlement in principle and are working on finalizing

a settlement agreement, subject to approval by U.S. Customs and Border Protection, U.S. Department of Homeland Security, and U.S. Department of Justice.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The Parties have reached a settlement in principle and are working on finalizing a settlement agreement, subject to approval by U.S. Customs and Border Protection, U.S. Department of Homeland Security, and U.S. Department of Justice.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The United States and Defendant Jesus Alvarez, Jr. would agree to any reasonable formal or informal dispute resolution alternatives.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The United States does not agree to a trial before a magistrate judge.

    Defendant Jesus Alvarez Jr. agrees to this case being tried by a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    The United States makes no demand for a jury trial.

    Defendant Jesus Alvarez Jr. made a timely demand for jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The United States and Defendant Jesus Alvarez, Jr. assert that evidence in this case can be presented in 12 to 18 hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    (1) Defendant Jesus Alvarez, Jr.'s Rule 71.1(i)(1)(C) Motion to Dismiss Plaintiff's Complaint in Condemnation and Declaration of Taking (Dkt. 22); and
    (2) Plaintiff's Motion to Strike Improper Defenses (Dkt. 28).

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    The Parties have reached a settlement in principle and are working on finalizing a settlement agreement, subject to approval by U.S. Customs and Border Protection, U.S. Department of Homeland Security, and U.S. Department of Justice. The Parties have filed a joint notice of settlement in principle. (Dkt. No. 51).

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

    The United States filed its Disclosure of Interested Parties on October 26, 2020 (Dkt. No. 5).

    Defendant Jesus Alvarez Jr.'s filed a Disclosure of Interested Parties on February 4, 2021 (Dkt. No. 31) and an Amended Disclosure of Interested Parties on March 23, 2021 (Dkt. No. 37).

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    COUNSEL FOR PLAINTIFF:

    **CHANMEALEA THOU**
    Assistant United States Attorney
    Southern District of Texas No. 3596627
    California Bar No. 326469
    11204 McPherson Road, Suite 100A
    Laredo, Texas 78045
    Telephone: (956) 721-4977
    Facsimile: (956) 992-9425
    E-mail: Chanmealea.Thou2@usdoj.gov
    Attorney for Plaintiff

    COUNSEL FOR DEFENDANT JESUS ALVAREZ JR.:

    **PETER McGRAW**
    Attorney in Charge for Defendant Jesus Alvarez, Jr.
    Texas Bar No. 24081036
    S.D. Tex. No. 2148236
    1206 East Van Buren St.
    Brownsville, Texas 78520
    Phone: (956) 982-5543
    Fax: (956) 541-1410
    E-mail: pmcgraw@trla.org

|  |  |
|---|---|
| FOR DEFENDANTS | Respectfully submitted,<br><br>**JENNIFER B. LOWERY**<br>Acting United States Attorney<br>Southern District of Texas |
| *s/ Peter McGraw w/ Permission*<br>**PETER McGRAW**<br>Attorney in Charge for Defendant Jesus Alvarez, Jr.<br>Texas Bar No. 24081036<br>S.D. Tex. No. 2148236<br>1206 East Van Buren Street,<br>Brownsville, Texas 78520<br>Phone: (956) 982-5543<br>Fax: (956) 541-1410<br>Email: pmcgraw@trla.org | By: *s/ Chanmealea Thou*<br>**CHANMEALEA THOU**<br>Assistant United States Attorney<br>Southern District of Texas No. 3596627<br>California Bar No. 326469<br>11204 McPherson Road, Suite 100A<br>Laredo, Texas 78045<br>Telephone: (956) 721-4977<br>Facsimile: (956) 992-9425<br>Email: Chanmealea.Thou2@usdoj.gov |
| *s/ Elegio Alvarez w/ Permission*<br>**ELEGIO ALVAREZ** | |
| *s/ Maria A. Alvarez Hinojosa*<br>*w/ Permission*<br>**MARIA A. ALVAREZ HINOJOSA** | |
| *s/ Maria E. Alvarez Garza*<br>*w/ Permission*<br>**MARIA E. ALVAREZ (GARZA)** | |

## CERTIFICATE OF SERVICE

I, Chanmealea Thou, Assistant United States Attorney for the Southern District of Texas, hereby certify that on September 7, 2021, a copy of the foregoing will be served on all parties who do not receive ECF notification via U.S. regular mail in accordance with the Federal Rules of Civil Procedure.

*s/ Chanmealea Thou*
CHANMEALEA THOU
Assistant United States Attorney